UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ELLA SHARON
on behalf of herself and
all other similarly situated consumers

                         Plaintiff,


         -against-


CAC FINANCIAL CORP.

                         Defendant.


---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Ella Sharon seeks redress for the illegal practices of CAC Financial Corp., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Oklahoma City, Oklahoma.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this district.

***Allegations Particular to Ella Sharon***

9.    Upon information and belief, on a date better known by Defendant, Defendant began to

attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about September 2, 2016, Defendant sent the Plaintiff a collection letter seeking to

collect a balance allegedly incurred for personal purposes.

11.   The said collection letter was confusing to the Plaintiff and is likely to be misconstrued

by the "least sophisticated consumer" since it is open to more than one reasonable

interpretation, at least one of which is inaccurate.

12.   The Second Circuit stated in <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 74 (2d

Cir. 2016)

> "The question presented is whether a collection notice that states a
> consumer's "current balance," but does not disclose that the balance <u>may</u>
> increase due to interest and fees, complies with this provision. We hold
> that Section 1692e requires debt collectors, when they notify consumers
> of their account balance, to disclose that the balance <u>may</u> increase due
> to interest and fees.

13.   The holding of the Second Circuit is that Section 1692e of the FDCPA requires every

debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to

interest and fees".

14.   However if the "BALANCE" will never increase and the holder of the debt will <u>always</u>

accept payment of the amount set forth in full satisfaction of the debt then the Second

-2-

Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

15. The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

16. However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose that the "balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

17. In this case, the "BALANCE" was increasing due to interest per the creditor's contract. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

18. The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or

not the said account was accruing interest.

19.     The "BALANCE" in this case was for an amount that included original principal, fees, and contractual interest.

20.     The Plaintiff was left uncertain as to whether the "BALANCE" was accruing interest as there was no disclosure that indicated otherwise.

21.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

22.     The amount of the contractual interest automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

23.     Collection notices that state only the "BALANCE," but do not disclose that the balance <u>might</u> increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

24.     The Synchrony Bank account was being collected by EGS Financial Care, Inc., prior to Defendant CAC Financial Corp.'s taking over of the said account.

25.     EGS Financial Care, Inc. had sent a letter to the Plaintiff, on April 20, 2016 regarding the Synchrony Bank account.

26.     The balance stated in the April 20, 2016 letter from EGS Financial was $1,751.00, and in addition to that balance, interest was accruing daily as apparent from the Defendant's September 2, 2016 letter, which reflected an increase in the balance to an amount of

$2,081.79.

27.   A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the September 2, 2016 notice.

28.   In fact, however, since as shown by the difference in the amount between the EGS Financial letter and the new increased amount in the September 2, 2016 letter, which reflects that interest was accruing daily, a consumer who pays the "Account Balance" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

29.   The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

30.   Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2]  However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

31.   The said collection letters at issue were increasing daily due to interest, but the September 2, 2016 notice specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the September 2, 2016 letter failed to disclose that the balance was actually not increasing due to the interest being waived.

_____

[1] See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)
[2] id.

32.     In any case, the Defendant's said September 2, 2016 collection letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

        Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

33.     Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

34.     At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

35.     A debt-collector must disclose, that the balance due may change over time.

36.     To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

37.     If the "BALANCE," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

38.     Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest

---

[3] Avila, at *10-11.

and will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those disclosures in violation of 1692e.

39.     If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

40.     The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

41.     Because the statement of the "BALANCE" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt.  Id. at 817.

42.     Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

---

[4] <u>Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)</u>

43. According to the Second Circuit's finding that the "BALANCE" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." [5]

44. The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

45. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumer could not know what the real balance is.

46. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

47. Failure to disclose such a waiver of the automatically accruing interest is in of itself

---

[5] Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)
[6] Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)
[7] Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

deceptive and "misleading" within the meaning of Section 1692e.  The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

48.     According to the Second Circuit in *Avila*, any debt that <u>was</u> accruing interest and fees would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

49.     The "BALANCE" is for an amount that includes original principal, fees, and contractual interest.

50.     Since interest was accruing on this debt, the collection notice must inform the consumer that the amount of the debt stated in the letter may increase over time.

51.     Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).  See <u>Sperber v. Central Credit Services LLC</u> No. CV 16-cv-05222 (ARR) (RLM), 2017 U.S. Dist. (E.D.N.Y. May. 1, 2017). ("This matter presents the question of whether failing to disclose [] interest, or failing to explicitly waive the right to collect it, constitutes a "false, deceptive, or misleading" practice under § 1692e... Plaintiff contends that the collection notice he received, which neither stated that [] interest was accruing nor waived the creditor's right to collect it, is deceptive or misleading under *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016)... Having alleged that interest was accruing on his debt and that *CCS* failed <u>to either disclose this interest or otherwise disclaim its right to collect it</u>, *Sperber* has stated a plausible claim that the collection notices he received from *CCS* were misleading under

Section 1692e of the FDCPA.  *See Avila,* 817 F.3d at 76.")

52.     "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.  Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." <u>Snyder v. Gordon</u>, No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012), <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 75 (2d Cir. 2016). ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate.**")

53.     "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this

information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011).

54.   The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "BALANCE" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "BALANCE" the Defendant and or the creditor _could_ still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  (Avila, at *10-11.)

55.   The said letter was deceptive and misleading as it merely identified the "BALANCE," yet failed to disclose that the balance may increase due to interest and fees.

56.   The Plaintiff was left uncertain as to whether the "BALANCE" was accruing interest as there was no disclosure that indicated otherwise.

57.   A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

58.   In fact, however, since interest is accruing daily, or since there are undisclosed late fees,

a consumer who pays the "BALANCE" stated on the notice will not know whether the debt has been paid in full.

59.     The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

60.     The statement of a "BALANCE" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

61.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

62.     Collection notices that state only the "BALANCE," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

63.     The Plaintiff and the least sophisticated consumer would be led to believe that the "BALANCE" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

64.     A consumer who pays the "BALANCE" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the

balance was paid.

65.     The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the

debt owed by the Plaintiff.

66.     A debt collector, when notifying a consumer of his or her account balance, must disclose

that the balance may increase due to interest and fees.

67.     15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a consumer.

68.     Defendant's September 2, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) of the FDCPA for the use of any false representation or deceptive means

to collect or attempt to collect any debt and for misrepresenting the amount of the debt

owed by the Plaintiff.

69.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

Defendant.

70.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

collection communications.

71.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection

communications.

72.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

73.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

74.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

75.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

76.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

77.     As an actual and proximate result of the acts and omissions of CAC Financial Corp., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## <u>AS AND FOR A CAUSE OF ACTION</u>

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

78.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy seven (77) as if set forth fully in this cause of action.

79.     This cause of action is brought on behalf of Plaintiff and the members of a class.

80.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 2, 2016; and (a) the collection letter was to a consumer seeking payment of a personal debt purportedly owed to Synchrony Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

81.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

82.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

83.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

84.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

85.  The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

86.  Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 21, 2017


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

-17-



PO BOX 2020
DEPT 806
HORSHAM, PA 19044

4740 Baxter Road
Virginia Beach, VA 23462

877-278-5297
OFFICE HOURS(ET):
8:00AM-10:00PM  Monday thru Friday
8:00AM-5:00PM  Saturday
10:30AM-7:30PM  Sunday
Apr 20, 2016

120822 - 721

ELLA SHARON
4902 13TH AVE
BROOKLYN, NY 11219

990
CREDITOR:
Synchrony Bank
ACCOUNT #: XXXXXXXXXXXX6203
REGARDING:
EVINE Live Credit Card Account
TOTAL BALANCE: $1751.00
Notice: See Reverse Side For Important Information.

The named creditor has placed the above account with our office for collection.  Please enclose your check or money order.  If you need to speak to a representative, you may call us at 877-278-5297.

You may also make payment by visiting www.evine.com.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    (i) the use or threat of violence;
    (ii) the use of obscene or profane language; and
    (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

THIS COLLECTION AGENCY IS LICENSED BY THE DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK; LICENSE#673223 CONTACT ALEX DREW AT EGS FINANCIAL CARE, INC.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| XXXXXXXXXXXX6203 | $ 1751.00 |
| ELLA SHARON | |

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

Synchrony Bank/EVINE Live
PO Box 960009
Orlando, FL 32896-0009

EGSP  PN
721

**CAC FINANCIAL CORP.**
2601 NW EXPRESSWAY, SUITE 1000 EAST
OKLAHOMA CITY, OKLAHOMA 73112-7236
(405) 425-1549 • 1-800-303-7276
09-02-16

CREDITOR : Synchrony Bank/SYNCB/Evine Live
ACCOUNT # :      29
BALANCE : $2018.79
CLIENT ACCT # :************6203

POST C/O PAYMENTS: $.00
POST C/O INTEREST: $.00
POST C/O FEES: $.00
POST C/O AMOUNT: $2018.79

WE HAVE BEEN HIRED BY THE ABOVE REFERENCED CREDITOR FOR COLLECTION OF MONEY DUE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE
THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.
IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU
DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN
VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH
JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER
RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE
ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

PLEASE CONTACT ROSALVA GRANT AT 877-218-5896 Extension 556.

OUR OFFICE HOURS ARE: MONDAY - FRIDAY 8:00 A.M. TO 5:00 P.M. C.S.T.

OR MAKE YOUR SECURE PAYMENT ONLINE AT PAYCACFINANCIAL.COM.

THE NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS HAS ASSIGNED LICENSE #0991650 TO THIS AGENCY.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT
A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

DEBT COLLECTORS, IN ACCORDANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §
1692 ET SEQ., ARE PROHIBITED FROM ENGAGING IN ABUSIVE, DECEPTIVE, AND UNFAIR DEBT
COLLECTION EFFORTS, INCLUDING BUT NOT LIMITED TO:

    (i) THE USE OR THREAT OF VIOLENCE;
    (ii) THE USE OF OBSCENE OR PROFANE LANGUAGE; AND
    (iii) REPEATED PHONE CALLS MADE WITH THE INTENT TO ANNOY, ABUSE, OR HARASS.

IF A CREDITOR OR DEBT COLLECTOR RECEIVES A MONEY JUDGMENT AGAINST YOU IN COURT, STATE
AND FEDERAL LAWS MAY PREVENT THE FOLLOWING TYPES OF INCOME FROM BEING TAKEN TO PAY
THE DEBT:
1)     SUPPLEMENTAL SECURITY INCOME, (SSI);
2)     SOCIAL SECURITY;
3)     PUBLIC ASSISTANCE (WELFARE);
4)     SPOUSAL SUPPORT, MAINTENANCE (ALIMONY) OR CHILD SUPPORT;
5)     UNEMPLOYMENT BENEFITS;
6)     DISABILITY BENEFITS;
7)     WORKERS' COMPENSATION BENEFITS;
8)     PUBLIC OR PRIVATE PENSIONS;
9)     VETERANS' BENEFITS;
10)     FEDERAL STUDENT LOANS, FEDERAL STUDENT GRANTS, AND FEDERAL WORK
     STUDY FUNDS; AND;
11)     NINETY PERCENT OF YOUR WAGES OR SALARY EARNED IN THE LAST SIXTY DAYS.