UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
ELLA SHARON
on behalf of herself and
all other similarly situated consumers

       Plaintiff,       1:17-cv-05174-AMD-CLP

  -against-

CAC FINANCIAL CORP.

       Defendant.

----------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Ella Sharon seeks redress for the illegal practices of CAC Financial Corp. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Oklahoma City, Oklahoma.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Ella Sharon*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 2, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter was deceptive and misleading as it merely identified the "BALANCE," yet failed to disclose that the balance may increase due to interest and fees.

12. The Plaintiff was left uncertain as to whether the "BALANCE" was accruing interest as there was no disclosure that indicated otherwise.

13. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

14. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "BALANCE" stated on the notice will not know whether the debt has been paid in full.

15. The Synchrony Bank account was being collected by EGS Financial Care, Inc., prior to Defendant CAC Financial Corp.'s taking over of the said account.

16. EGS Financial Care, Inc. had sent a letter to the Plaintiff, on April 20, 2016 regarding the Synchrony Bank account.

17. The balance stated in the April 20, 2016 letter from EGS Financial was $1,751.00, and in addition to that balance, interest was accruing daily as apparent from the Defendant's September 2, 2016 letter, which reflected an increase in the balance to an amount of $2,081.79.

18. A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the September 2, 2016 notice.

19. In fact, however, since as shown by the difference in the amount between the EGS Financial letter and the new increased amount in the September 2, 2016 letter, which reflects that interest was accruing daily, a consumer who pays the "Account Balance" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

20. The creditor continued to accrue interest while this debt was placed with EGS Financial.

21. The creditor continued to accrue interest even after this debt was placed with the Defendant.

22. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

23. The statement of an "BALANCE", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

24. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would

abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

25. Collection notices that state only the "BALANCE," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

26. The Plaintiff and the least sophisticated consumer would be led to believe that the "BALANCE" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

27. In fact, however, interest was accruing daily and the Defendant has tried to collect this interest from the Plaintiff.

28. A consumer who pays the "BALANCE" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

29. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

30. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

31. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or

       (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. The said letter is a standardized form letter.

33. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

34. Defendant's September 2, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

35. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

36. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

37. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

38. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

39. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

40. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

41. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the

FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

42. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

43. As an actual and proximate result of the acts and omissions of CAC Financial Corp., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

44. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty three (43) as if set forth fully in this cause of action.

45. This cause of action is brought on behalf of Plaintiff and the members of a class.

46. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 2, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Synchrony Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false

representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

51. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 5, 2018

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**EGS FINANCIAL CARE, INC.**
PO BOX 1020
DEPT 806
HORSHAM, PA 19044



4740 Baxter Road
Virginia Beach, VA 23462

877-278-5297
OFFICE HOURS(ET):
8:00AM-10:00PM  Monday thru Friday
8:00AM-5:00PM  Saturday
10:30AM-7:30PM  Sunday
Apr 20, 2016

120822 - 721

ELLA SHARON
4902 13TH AVE
BROOKLYN, NY 11219

990
CREDITOR:
Synchrony Bank
ACCOUNT #: XXXXXXXXXXXX6203
REGARDING:
EVINE Live Credit Card Account
TOTAL BALANCE: $1751.00
Notice: See Reverse Side For Important Information.

The named creditor has placed the above account with our office for collection.  Please enclose your check or money order.  If you need to speak to a representative, you may call us at 877-278-5297.

You may also make payment by visiting www.evine.com.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

   (i) the use or threat of violence;
   (ii) the use of obscene or profane language; and
   (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

   1. Supplemental security income, (SSI);
   2. Social security;
   3. Public assistance (welfare);
   4. Spousal support, maintenance (alimony) or child support;
   5. Unemployment benefits;
   6. Disability benefits;
   7. Workers' compensation benefits;
   8. Public or private pensions;
   9. Veterans' benefits;
   10. Federal student loans, federal student grants, and federal work study funds; and
   11. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

THIS COLLECTION AGENCY IS LICENSED BY THE DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK; LICENSE#673223 CONTACT ALEX DREW AT EGS FINANCIAL CARE, INC.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| XXXXXXXXXXXX6203 | $ 1751.00 |
| ELLA SHARON | |

Payment Amount

$ ☐☐☐☐☐.☐☐

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

Synchrony Bank/EVINE Live
PO Box 960009
Orlando, FL 32896-0009

EGSP  PN
721

**CAC FINANCIAL CORP**
2601 NW EXPRESSWAY, SUITE 1000 EAST
OKLAHOMA CITY, OKLAHOMA  73112-7236
(405) 425-1549 • 1-800-303-7276
09-02-16

CREDITOR : Synchrony Bank/SYNCB/Evine Live
ACCOUNT #       :          29
BALANCE         : $2018.79
CLIENT ACCT # :************6203

POST C/O PAYMENTS: $.00
POST C/O INTEREST: $.00
POST C/O FEES: $.00
POST C/O AMOUNT: $2018.79

WE HAVE BEEN HIRED BY THE ABOVE REFERENCED CREDITOR FOR COLLECTION OF MONEY DUE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

PLEASE CONTACT ROSALVA GRANT AT 877-218-5896 Extension 556.

OUR OFFICE HOURS ARE:  MONDAY - FRIDAY 8:00 A.M. TO 5:00 P.M. C.S.T.

OR MAKE YOUR SECURE PAYMENT ONLINE AT PAYCACFINANCIAL.COM.

THE NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS HAS ASSIGNED LICENSE #0991650 TO THIS AGENCY.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT
A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.


DEBT COLLECTORS, IN ACCORDANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ., ARE PROHIBITED FROM ENGAGING IN ABUSIVE, DECEPTIVE, AND UNFAIR DEBT COLLECTION EFFORTS, INCLUDING BUT NOT LIMITED TO:

    (i) THE USE OR THREAT OF VIOLENCE;
    (ii) THE USE OF OBSCENE OR PROFANE LANGUAGE; AND
    (iii) REPEATED PHONE CALLS MADE WITH THE INTENT TO ANNOY, ABUSE, OR HARASS.

IF A CREDITOR OR DEBT COLLECTOR RECEIVES A MONEY JUDGMENT AGAINST YOU IN COURT, STATE AND FEDERAL LAWS MAY PREVENT THE FOLLOWING TYPES OF INCOME FROM BEING TAKEN TO PAY THE DEBT:
1)      SUPPLEMENTAL SECURITY INCOME, (SSI);
2)      SOCIAL SECURITY;
3)      PUBLIC ASSISTANCE (WELFARE);
4)      SPOUSAL SUPPORT, MAINTENANCE (ALIMONY) OR CHILD SUPPORT;
5)      UNEMPLOYMENT BENEFITS;
6)      DISABILITY BENEFITS;
7)      WORKERS' COMPENSATION BENEFITS;
8)      PUBLIC OR PRIVATE PENSIONS;
9)      VETERANS' BENEFITS;
10)     FEDERAL STUDENT LOANS, FEDERAL STUDENT GRANTS, AND FEDERAL WORK
        STUDY FUNDS; AND;
11)     NINETY PERCENT OF YOUR WAGES OR SALARY EARNED IN THE LAST SIXTY DAYS.